**FILED**

APR 13 2018

Clerk, U.S. Courts
District Of Montana
Billings Division

**ZENO B. BAUCUS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 Second Avenue North**
**Box 3200**
**Billings, Montana 59101**
**Phone: (406) 657-6101**
**Fax: (406) 657-6989**
**Email: zeno.baucus@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 18-46-BLG- SPW** |
| **Plaintiff,** | |
| vs. | **PLEA AGREEMENT** |
| **DARRELL ALAN HATLEY,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States, represented by Assistant U.S. Attorney Zeno B. Baucus, and the defendant,

Darrell Alan Hatley, represented by Mark D. Parker, have agreed upon the

following:

1

ZBB   DAH   MDP   Date

1.      **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.      **Charges:**  The defendant agrees to plead guilty to the information charging him with wire fraud pursuant to 18 U.S.C. § 1343.   This offense carries a maximum punishment of 30 years imprisonment, a $1,000,000 fine, five years of supervised release, and a $100 special assessment.  Restitution is mandatory.

3.      **Nature of the Agreement:**  The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement will be fulfilled provided the United States: a) does not bring additional charges relating to the same conduct; and b) makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

2

*zbb*   *DAH*   *MDP*   *4/3/18*
ZBB   DAH   MDP   Date

*Agreement as to Restitution*:  The defendant agrees to be responsible for complete restitution regardless of whether the count in the information fully encapsulates the defendant's conduct. 18 U.S.C. § 3663A(a)(3).  In particular, the defendant agrees to pay no less than $1,725,024.99 in restitution to the persons and companies who suffered losses as a result of the defendant's conduct set forth in the information.

**4.     Admission of Guilt:**  The defendant will plead guilty because defendant is in fact guilty of the charge contained in the information.  In pleading guilty, the defendant acknowledges that:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, a wire communication in interstate commerce to carry out or attempt to carry out an essential part of the scheme, specifically a wire from Texas to Montana on October 28, 2016.

3

ZBB   DAH   MDP   Date

Finally, the defendant acknowledges for purposes of the penalty provisions of 18 U.S.C. § 1343, that the victim was a financial institution as defined by 18 U.S.C. § 20.

**5.      Waiver of Rights by Plea:**

(a)      The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)      The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)      The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)      The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(e)      The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

4

ZBB      DAH      MDP      4/3/18
ZBB      DAH      MDP      Date

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

5

ZBB   DAH   MDP   Date

(i)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify.  Or the defendant could exercise the choice to testify.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure.  By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6

ZBB   DAH   MDP   Date   4/3/18

6.      **Recommendations:**  The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

7.      **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.      **Waiver of Appeal of the Sentence:**  The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255.  Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release.  This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted

7



ZBB   DAH   MDP   Date

conduct does not fall within any statute of conviction.  This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9.    **Voluntary Plea:**  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10.    **Disclosure of Financial Information:**  The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation.  The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

8

ZBB    DAH    MDP    Date

**11.     Detention/Release After Plea:**  The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate.  18 U.S.C. § 3145(c).  The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release.  The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

**12.     Breach:**  If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement.

**13.     Entire Agreement:**  Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  **This plea agreement constitutes the entire agreement between the**

9

ZBB     DAH     MDP     Date

parties.  Any term or condition which is not expressly stated as part of this

plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney


ZENO B. BAUCUS
Assistant U. S. Attorney
Date: 4/5/18


DARRELL ALAN HATLEY
Defendant
Date: 4-3-18


MARK D. PARKER
Defense Counsel
Date: April 3, 2018

10

| ZBB | DAH | MDP | 4/3/18 |
| --- | --- | --- | --- |
| ZBB | DAH | MDP | Date |